UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELLE G.,[1] | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Case No. 4:20-CV-00640 |
| KILOLO KIJAKAZI,[2] Acting Commissioner of Social Security, | § § § § § | |
| *Defendant*. | § § | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF Nos. 16, 17, 19. Because the Court granted Plaintiff's Motion for Summary Judgment, ECF No. 10, and remanded this case to the Commissioner for reconsideration, ECF No. 14, Plaintiff is the prevailing party. Defendant objects to the inclusion of 6.7 hours of

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

1

paralegal work as not compensable clerical work. ECF No. 18. The Court finds that Plaintiff's counsel's request for fees, including the inclusion of 7.3 hours of paralegal work, is reasonable. Therefore, Plaintiff's motion should be granted.

## I. LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously found that the ALJ did not properly conduct the RFC analysis by failing to obtain the testimony of a medical expert before proceeding

with the resumed hearing, and therefore reversed and remanded. ECF No. 14 at 6-14. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, she timely[4] filed her motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II. ANALYSIS

Plaintiff's counsel seeks an award of $8,390.53. She submitted evidence supporting an hourly rate of $202.44 for 40 attorney hours worked in 2020 and 2021 and an hourly rate of $100.00 for 9.1 paralegal hours worked in 2020 and 2021. ECF No. 17 at 2; ECF No. 17-1; ECF No. 17-3; ECF No. 17-4; ECF No. 19 at 4.[5] The

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek and EAJA award of fees. In this case, the Court issued a judgment on September 4, 2021, ECF No. 15, which became final sixty days later, on November 4, 2021. Plaintiff had thirty days from November 4, 2021, to file her motion for attorney's fees. Plaintiff filed her motion on December 1, 2021, and thus the motion is timely. ECF No. 16.

[5] Plaintiff's itemized statement indicates that Plaintiff's counsel worked 33.6 hours in 2020 and 3.5 hours in 2021, ECF No. 17-3; ECF No. 19 at 4, and that a paralegal worked 5.7 hours in 2020 and 3.4 hours in 2021. ECF No. 17-4.

Commissioner's counsel filed a response, arguing that 6.7 paralegal hours should not be compensated as they involved clerical work. ECF No. 18 at 1–2.

### A. Reasonableness of Hours Worked.

The Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews v. Berryhill*, No. 4:18-CV-4795, 2020 WL 242487, at *2 (S.D. Tex. Jan. 16, 2020) (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in cases of this kind, fee applications range from twenty to forty hours. *Id*. Plaintiff's counsel claims 49.1 hours, including 9.1 paralegal hours and 2.9 attorney hours to reply to Defendant's response, which is outside the typical range of hours for this type of case.[6] Defendant contends that 6.7 of the paralegal hours should be considered clerical work and not compensated under the EAJA. ECF No. 18 at 1–2.

"Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) ("Paralegal expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses, and even then only to the extent that the paralegal performs work traditionally performed by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses."). Defendant argues that

---

[6] Plaintiff subsequently reduced the time requested by 0.3 paralegal hours. ECF No. 19 at 3.

only the last two entries in Plaintiff's ledger, describing time spent on preparing the EAJA petition, are compensable under the EAJA. ECF No. 18 at 1–2. Defendant contends that the other 6.7 hours, which include telephone calls to the client with status updates, receiving documents, and organizing the record, are not compensable clerical tasks. *Id.* at 2.

Defendant objects to four entries, totaling one hour, for telephone calls with Plaintiff updating her on the status of her case. However, one hour over the course of a year to keep a client informed of their case is not unreasonable. *See, e.g.*, *Taylor v. Colvin*, No. 15-3705, 2016 WL 4733287, at *2 (E.D. La. Aug. 23, 2016) (noting that "a client is entitled to be kept reasonably apprised of the status of his case"), *adopted by sub nom. Taylor v. Soc. Sec. Admin.*, No. 15-3705, 2016 WL 4720004 (E.D. La. Sept. 8, 2016).

Defendant objects to two entries for telephone calls between a paralegal and Plaintiff to explain Defendant's brief and this Court's remand order to Plaintiff. However, it is reasonable and not unusual to discuss the case with the client, and these explanations would have required legal skill and knowledge. *See, e.g.*, *Bates v. Colvin*, No. 3:13-CV-1659-L, 2014 WL 2547060, at *1 (N.D. Tex. June 5, 2014) (noting that it was not excessive for counsel to talk with their client twice about the result of his case).

Defendant further objects to time entries related to processing the files from

5

the referral source and sending the case back to the referral source following remand. Plaintiff represents that these entries involved not only sending files, but also communicating with the referral source regarding the case. ECF No. 19 at 2. Plaintiff cites to *Gary Don H. v. Commissioner of Social Security Administration* for her contention that communications with the referral source are compensable. 3:19-cv-2441-D, 2021 WL 913293, at *2 (N.D. Tex. Mar. 10, 2021). However, unlike in *Gary Don H.*, in which the court agreed with plaintiff's contention that communicating with the referring attorney was not a clerical function because an "attorney has the right to anticipate that his inquiries will be handled in a professional manner by his professional peer, not by a clerical employee," *id.*, in this matter, a paralegal communicated with the referral source. This matter is therefore more akin to *Brown v. Saul*, in which the court found that a paralegal's communications with a referral source were not compensable. No. 3:18-CV-0190-BH, 2019 WL 775 6079, at *3 (N.D. Tex. Oct. 2, 2019). The Court thus reduces Plaintiff's requested paralegal hours by 0.9 hours.

      Defendant objects to time entries associated with preparation of the contract, reviewing the contract for completion, and assisting the client with completion of the *in forma pauperis* application. Plaintiff contends that drafting a contract is a task usually performed by an attorney and assisting a client with the *in forma pauperis* application requires knowledge of what income and expenses would be considered

6

by the court to determine if the application would be granted. ECF No. 19 at 3. However, while the Court agrees with Plaintiff that drafting of a contract is a task traditionally performed by an attorney, the drafting of an *in forma pauperis application* by a paralegal is a not compensable clerical task. *See, e.g.*, *Brown*, 2019 WL 775 6079, at *3 (holding that drafting of an *in forma pauperis* application is a clerical task). The Court thus reduces Plaintiff's requested paralegal hours by 0.6 hours.

Finally, Defendant objects to time spent by a paralegal preparing the transcript for attorney review. In support of her argument, Plaintiff provides several cases in which the court granted compensation for the time spent by a paralegal preparing the transcript for attorney review. *See Zayas v. Comm'r of Soc. Sec.*, No. 8:18-CV-2918-T-MAP, at 4 (June 12, 2020); *Sykes v. Comm'r of Soc. Sec. Admin.*, CV-SAG-16-898, 2017 WL 1956852, at *2 (D. Md. May 10, 2017); *Holder-Hillman v. Comm'r, Soc. Sec. Admin.*, 1:17-CV-01266-CMS, at 7 n.3 (N.D. Ga. Aug. 27, 2018); *Allen v. Colvin*, No. 1:15-v-00130-ODE, at 5 (N.D. Ga. Oct. 17, 2016) (citing *Miller v. Colvin*, No. 5:14-CV-0611 (DEP), at 8–9 (N.D.N.Y. Sept. 23, 2015)). The Court is inclined to agree with the analysis in these cases. Preparing a transcript for ready legal analysis requires some legal knowledge and training, and compensating such work furthers judicial economy by reimbursing paralegal work that cuts down on attorney's fees.

Having reviewed the record in this case, the Court discounts Plaintiff's requested hours to 47.3 hours, including 40 attorney hours and 7.3 paralegal hours, as reasonable and supported by the record and the issues at stake.

**B. Reasonableness of Rate Sought.**

Counsel's hourly rate is higher than the statutory rate of $125,[7] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates

---

[7] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is based in New York, but appeared *pro hac vice* in this case filed in Houston.[8] She is claiming fees for work performed in 2020 and 2021. The hourly rate last changed in 1996; at that time, the CPI for Houston-Galveston-Brazoria, TX and was 142.7. Based on the case law, the Court calculates the hourly rates for 2020 and 2021 as follows:

- In 2020, the CPI for Houston-Galveston-Brazoria, Texas was 229.161. The percentage difference between 1996 and 2020 is 160.589% (229.161/142.7). Therefore, the hourly rate for 2020 is $200.74 (160.589% x 125).

- In 2021, the CPI for Houston-Galveston-Brazoria, Texas was 243.813.[9] The percentage difference between 1996 and 2021 is 170.857% (243.813/142.7). Therefore, the hourly rate for 2021 is $213.57. (170.857% x 125).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2020, Plaintiff's attorney worked

---

[8] When determining which CPI figures to use for out-of-state attorneys, the Court finds it most appropriate to use data specific to the Houston area, where this Court is located. *See Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) (finding the use of city- specific data where the court was located appropriate).

[9] Only data through October 2021 is available.

33.6 hours; and at $200.74 per hour, his fee is $6,744.86. In 2021, he worked 6.4 hours; and at $213.57 per hour, his fee is $1,366.84. The sum of the 2020 and 2021 attorney's fees is $8,111.70.

The EAJA also allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff seeks to recover 8.8 hours of paralegal work at a rate of $100 per hour, for a total of $880. ECF No. 17 at 2; ECF No. 17-4; ECF No. 19 at 3. Courts in this Circuit frequently approve comparable paralegal awards in the context of the EAJA. *See, e.g.*, *Matthews*, 2020 WL 242487, at *3 ($100 per hour for 8 hours worked); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) ($100 per hour for 7.5 hours worked); *Banks v. Berryhill*, No. 18-CV-239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) ($95 per hour for 7.4 hours worked); *Rasco v. Berryhill*, No. 17-CV-946, 2018 WL 3621054, at *4 (S.D. Tex. June 4, 2018) ($105 per hour for 5.6 hours worked). The Court finds an award of $730 in paralegal fees to be reasonable, for a total of $8,841.70.

Plaintiff came to a slightly lower calculation, $8,390.53. ECF No. 21 at 3. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)); *accord Norma Jane T. v. Saul,* No. 4:19-CV-3320, 2021 WL 965910, at *3 (S.D. Tex. Mar.

15, 2021) (the court determined the 2020 rate for Houston was $200.75).

The Court finds that a fee of $8,841.70 is reasonable for 47.3 hours worked. *Accord Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees).

### III. CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 16, is **GRANTED**; and Defendant is **ORDERED** to pay $8,841.70 pursuant to the Equal Access to Justice Act to Plaintiff directly.

Signed at Houston, Texas, on January 6, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**